UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
EDGAR ANTONIO MARQUEZ LARIOS,

      Plaintiff,

  -against-

U.S. GOVERNMENT and HIS RELIGION,

      Defendants.
-----------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-3239 (CBA)(RML)

**AMON, Chief United States District Judge.**

On June 1, 2015, the Court received the above-captioned pro se complaint from plaintiff Edgar Antonio Marquez Larios. Larios alleges violations of his civil rights by employees of an unnamed prison, as well as what appears to be a breach of contract claim against the discount bus service Megabus. Plaintiff's request to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, is granted for the limited purpose of this Order. For the reasons set forth below, the complaint is dismissed with leave to amend.

## BACKGROUND

The complaint names the United States Government and "his religion" as defendants. The complaint also brings a claim against Megabus, although that company is not listed in the case caption. (Complaint ("Compl.") at 3.)[1] Although Larios' complaint is difficult to follow, he appears to make the following claims: (1) that he should not have been in the general prison population due to his religious beliefs, which he does not describe but which may have led to an attack on him; (2) that staff members at an unnamed prison injured him, leaving him with "some cuts on [his] left eyebrow"; and (3) that those staff members also "set up" Larios to be attacked

---

[1] As the pages of the complaint are not paginated, the Court refers to the pages assigned by the Electronic Case Filing System.

1

by fellow inmates, a setup that resulted in physical as well as psychological injuries. (Id. at 2.) He alleges also that he was beaten with bats in California in 2012 by unnamed assailants who followed him from his home country after he fled to the United States. (Id.) Finally, Larios claims that, on April 12, 2015, Megabus failed to honor a Dallas-to-New York bus ticket he had purchased and never refunded him the cost of the ticket. (Id. at 3.) Larios seeks $150 million in damages. (Id. at 4.)

## STANDARD OF REVIEW

Under the Prison Litigation Reform Act ("PLRA"), a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b)(1)-(2);[2] Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that PLRA makes sua sponte dismissal of frivolous prisoner complaints mandatory, not merely permissive). The Court construes a plaintiff's pro se pleadings liberally,

---

[2] At the time Larios filed this complaint, he listed his address as Hudson County Correctional Facility, in Kearney, New Jersey. That appears to be an Immigration and Customs Enforcement ("ICE") detention center. See UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, DETENTION FACILITIES, HUDSON COUNTY CORRECTIONAL FACILITY, available at https://www.ice.gov/detention-facility/hudson-county-correctional-facility. Several courts have assumed without squarely addressing the issue that a person in ICE custody is a "prisoner" for PLRA purposes. See Salmon v. U.S. Immigration & Customs Enforcement, No. 12-cv-2036, 2012 WL 1657369, at *1-2 (E.D.N.Y. May 7, 2012); Konstantin v. U.S. Dep't of Homeland Sec., No. 09-cv-3528, 2009 WL 2882805, at *1-2 (E.D.N.Y. Sept. 2, 2009); see also Robinson v. United States, 484 F. App'x 421, 422-23 (11th Cir. 2012). However, were the PLRA's screening provision not to apply to a person in ICE custody, the result here would be the same under the in forma pauperis statute, which applies a standard identical to that in the PLRA's screening section to non-prisoners seeking in forma pauperis status. See 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where "the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief").

see Erickson v. Pardus, 551 U.S. 89, 94 (2007), particularly when they allege civil rights violations, see Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Although courts must read pro se complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausability when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557) (alteration in the original).

## DISCUSSION

Larios filed this complaint on a form for violations of 42 U.S.C. § 1983. However, that statute only applies to state officials, and Larios' allegations appear to concern federal officials. The Court therefore construes him to be making claims pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) or the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb et seq. The Court interprets his complaint against Megabus to constitute a breach of contract claim.

### I. Eighth Amendment Claims

Larios' Eighth Amendment claims against the unnamed prison officials are dismissed for failure to state a claim. Larios makes two claims against prison staff. First, he alleges that

3

members of the staff attacked him. Second, he alleges that fellow inmates assaulted him after prison staff "set [him] up," possibly—though it is not clear from the complaint—by placing him in the general prison population despite prejudice among inmates against his religious beliefs. (Compl. at 2.) These claims may fall within the ambit of an Eighth Amendment Bivens claim, but the facts as pleaded are insufficient to make one out.

Allegations of excessive force in violation of the Eighth Amendment require a plaintiff to plead that officials applied force not "in a good-faith effort to maintain or restore discipline," but rather "maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Separately, "[a] prisoner's claim for failure to protect invokes the Eighth Amendment." Nunez v. Goord, 172 F. Supp. 2d 417, 430 (S.D.N.Y. 2001); see also Farmer v. Brennan, 511 U.S. 825, 830 (1994). To demonstrate an Eighth Amendment violation for failure to protect, "an inmate must show (1) a deprivation that is 'objectively, sufficiently serious' that he was denied 'the minimal civilized measure of life's necessities,' and (2) a 'sufficiently culpable state of mind' on the part of the defendant official, such as deliberate indifference to inmate health or safety." Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001) (quoting Farmer, 511 U.S. at 834)). "To meet the objective element, the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health," and "[t]o meet the subjective element, the plaintiff must show that the defendant acted with 'more than mere negligence,'" that is, "the prison official must know of, and disregard, an excessive risk to inmate health or safety." Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013).

The problem with Larios' claims is their factual insufficiency. Most fundamentally, it is unclear, given Larios' history of incarceration, what prison facility he is talking about. On October 12, 2001, Larios was sentenced to 57 months in prison after pleading guilty to an illegal

4

re-entry charge. United States v. Marquez-Larios, No. 01-cr-254 (E.D.N.Y. Oct. 12, 2001), ECF No. 13. On December 17, 2003, Larios was indicted on various charges related to his alleged membership in the street gang La Mara Salvatrucha, or MS-13. United States v. Magana, No. 03-cr-851 (E.D.N.Y. Dec. 17, 2003), ECF No. 15. He pleaded guilty and was sentenced to 36 months in prison on October 11, 2005. Magana, No. 03-cr-851 (E.D.N.Y. Oct. 11, 2005), ECF No. 140.

In other words, Larios may have resided in up to three different federal detention facilities during 2005, the year Larios claims staff members at the unspecified facility violated his civil rights. (Compl. at 2.) First, he may have been in federal prison for his 2001 sentence. Second, he may have been held at a federal pre-trial detention facility in connection with the 2003 indictment. Third, he likely spent some amount of 2005 in a federal prison based on the October 2005 sentence.[3] It is totally unclear where the "staff members" Larios complains of worked.

Accordingly, Larios' Eighth Amendment Bivens claims are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). However, the Court grants Larios leave to amend his complaint to: (1) make clear what prison he is referring to; (2) provide as many additional facts as he can about the officials involved; and (3) provide as much detail as he can about the attack or attacks alleged, in particular the extent of staff member involvement as per the requirements of the Eighth Amendment outlined above. Larios need not plead exhaustion of his administrative remedies. Jones v. Block, 549 U.S. 910, 920 (2007). However, he should be aware that "federal prisoners suing under [Bivens] must first exhaust inmate grievance procedures" before filing suit. Porter v. Nussle, 534 U.S. 516, 524 (2002).

---

[3] Although Larios was apparently being held at an ICE facility at the time he filed his complaint, there is no indication he was detained there in 2005, the time period covered by his complaint. (Compl. at 2.)

5

## II. Religion Claim

Larios' complaint could also be read to allege that his placement among the general prison population violated his right to exercise his religion. The Court reads the complaint to raise a <u>Bivens</u> claim for violation of the First Amendment's Free Exercise Clause or a claim under RFRA. On either reading, the complaint fails to state a claim on which relief can be granted.

### a. <u>Bivens</u>

As for <u>Bivens</u>, the Supreme Court has never recognized an implied cause of action under <u>Bivens</u> for violations of the First Amendment's Free Exercise Clause. See <u>Iqbal</u>, 556 U.S. at 675 ("[W]e have not found an implied damages remedy under the Free Exercise Clause."); <u>see also</u> <u>Bush v. Lucas</u>, 462 U.S. 367, 390 (1983) (declining to extend <u>Bivens</u> to First Amendment's Free Speech Clause). Earlier this year, the Second Circuit expressly declined to extend <u>Bivens</u> to inmates' Free Exercise Clause claims "absent guidance from the Supreme Court." <u>Turkmen v. Hasty</u>, 789 F.3d 218, 237 (2d Cir. 2015). Accordingly, his religion claim cannot proceed under a <u>Bivens</u> rubric.

### b. RFRA

RFRA is a different matter. See <u>Hankins v. Lyght</u>, 441 F.3d 96, 105-06 (2d Cir. 2006) (applying RFRA's strictures to the federal government); <u>see also</u> <u>Forde v. Baird</u>, 720 F. Supp. 2d 170,175-76 (D. Conn. 2010) (addressing RFRA in federal prison context).[4] Under RFRA, a "[g]overnment shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability," 42 U.S.C. § 2000bb-1(a), unless "it demonstrates

---

[4] The Second Circuit has held that another potentially relevant statute, the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc <u>et seq.</u>, does not apply to the federal government. <u>Ish Yerushalayim v. United States</u>, 374 F.3d 89, 92 (2d Cir. 2004).

6

that application of the burden to the person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest," id. § 2000bb-1(b).

Here, Larios' complaint seems to draw some link between his unspecified religious beliefs and his placement in "population." (Compl. at 2.) He has not alleged, however, how being housed in the general population has burdened the exercise of his religion to a substantial extent. Larios suggests he was attacked. But it is not clear what connection, if any, exists between that attack, exercise of his religious beliefs, and the rule placing him among the general population. Larios' claim is therefore dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1). However, Larios may amend his complaint to plead additional facts, if any exist, that could allow him to make out a claim under RFRA.

## III. Other Claims

Larios' remaining allegations do not state a claim. Those include "using my name and my situation for political reasons," the alleged assault by unnamed assailants in California that sent him to "Sambruno Hospital," and failure of Megabus to honor his ticket. (Compl. at 2-3.) It is unclear who Larios is suing for "using [his] name and [his] situation" and for assaulting him. (Id. at 2.) As for Megabus, it is not plausible that failure to take his bus ticket could put in controversy $75,000 or more. So, even assuming diversity of citizenship, which Larios does not allege, he fails to plead sufficient damages to meet the amount-in-controversy requirement necessary for diversity jurisdiction to attach. See 28 U.S.C. § 1332.

The Court, having disposed of Larios' federal claims, declines to exercise supplemental jurisdiction over the Megabus claim. 28 U.S.C. § 1367(c)(3). Even if the Court had not dismissed Larios' federal claims, supplemental jurisdiction would be inappropriate. The

Megabus claim and Larios' federal claims do not "derive from a common nucleus of operative fact." Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004). The facts underlying the federal claims relate to Larios' imprisonment. The facts underlying the state claim relate to a bus ticket its seller refused to honor. Those facts do not "substantially overlap[]," nor do "the federal claim[s] necessarily br[ing] the facts underlying the state claim before the Court." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir.2006). All of the above allegations are dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). However, Larios is free to amend his pleadings to add facts that could give rise to a claim that can be heard in federal court.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1). Larios has leave to amend his complaint, in the ways described above, within thirty (30) days of this Order. Should he fail to do so, the Court shall enter judgment. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
August 5, 2015

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge